## SEBRING against WHEEDON.

A defendant was sued by *warrant*, before a justice; but it did not appear from the return to the *certiorari*, whether the defendant was, in fact, proceeded a gainst as a *free-holder*, or person having a family, and that the requisite evidence was given to authorize the issuing a warrant; and the defendant prayed for an adjournment for want of a material witness, and offered security to appear and stand trial; but the justice refused to grant an adjournment, unless the defendant would make oath that the witness was material, which being refused, the justice proceeded and gave judgment for the plaintiff. It was held, that the defendant was entitled to an adjournment, under the 4th sect. of the act; (sess. 31. c. 204.) and the judgment of the justice was reversed.

IN error, on *certiorari*, from a justice's court.

*Wheedon* brought an action of debt against *Sebring*, for neglecting to proceed on, and return, an execution against one *Edward Brown*. The defendant below was sued by *warrant*, and nothing appeared on the return to the attorney, to show that any oath was made by the plaintiff below, that the defendant was about to depart from the county, or that the plaintiff was in danger of losing his debt. On the return of the warrant, the defendant moved for a nonsuit,

on the ground that he was a *freeholder*, and that he had been sued by warrant, without any oath having been taken by the plaintiff, and offered to prove that he was a freeholder. This proof the justice refused to hear, because the defendant had acknowledged that the *deed* for his land was not on record. The defendant then asked for an adjournment, to procure his testimony, and tendered bail to appear and stand trial. The justice refused to grant an adjournment, unless the defendant would make oath that he wanted some material witness. This the defendant refused to do, and the justice proceeded to try the cause, and gave judgment for the plaintiff, for 25 dollars.

NEW-YORK,
October 1811.

SEBRING
v.
WHEEDON.

*Per Curiam.* The judgment must be reversed. There is nothing upon the return, showing that the defendant was proceeded against as a *freeholder*, or inhabitant having a family, and the requisite evidence given to authorize a warrant against a person of that description. The 4th section of the act (sess. 31. c. 204.) declares, that in all other cases, on the return of a warrant, if either party require an adjournment, and will give a sufficient security to appear and stand trial, the justice shall adjourn to some future day, not less than three, and not more than twelve days. The present case falls under this branch of the act, and the justice was bound to adjourn, on the security being tendered, without requiring an oath of the want of a material witness.

*Judgment reversed.*